# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ritchie Capital Management, Ltd.,            Civil No. 17-1664 (DWF/FLN)
Ritchie Special Credit Investments, Ltd.,

             Plaintiffs,

v.                                                  **MEMORANDUM OPINION AND ORDER**

Costco Wholesale Corporation,

             Defendant.

---

Jenny Gassman-Pines, Esq., Lawrence M. Shapiro, Esq., and Sybil L. Dunlop, Esq., Greene Espel PLLP, counsel for Plaintiffs.

Joseph W. Anthony, Esq., Peter McElligott, Esq., Steven M Pincus, Esq., Anthony Ostlund Baer & Louwagie PA, counsel for Defendant.

---

## INTRODUCTION

The plaintiffs in this case are financiers who were defrauded as part of a Ponzi scheme, whereby the fraudsters fabricated purchase orders for the financiers to fund. The defendant in this case is the business that the fraudsters falsely told the plaintiffs was placing the orders. Long after the fraud was uncovered, the plaintiffs filed suit against the defendant alleging violations of the Minnesota Consumer Fraud Act and the Minnesota Uniform Deceptive Trade Practices Act. The defendant moved to dismiss. For the reasons discussed below, the Court grants the defendant's motion in part.

# BACKGROUND[1]

This case begins and ends with Tom Petters's notorious Ponzi scheme. In short, Petters would convince financiers (like Plaintiffs) to fund fabricated purchase orders from wholesalers. Petters would then repay the financiers by convincing other financiers to fund new fabricated purchase orders. One of Petters's companies, Petters Company, Inc. ("PCI") purportedly operated as intermediary that bought goods from manufacturers and resold them to wholesalers (like Defendant Costco Wholesale Corporation). This type of business existed to circumvent manufacturers' desire to not sell goods to Costco because it would dilute the manufacturers' brands. Manufacturers would allegedly be on the lookout for their product in Costco's stores, so Costco had to "sanitize" the goods by, among other things, scraping off original shipping labels and SKUs, removing the goods from original packaging, and creating false purchase orders, bills of sale, bills of lading, and other shipping documents. As a result of this process, consumers have allegedly bought counterfeit goods from Costco. (Compl. ¶ 17.)

PCI convinced Plaintiffs that it was one of Costco's intermediaries. On March 21, 2008, PCI offered Plaintiffs the opportunity to fund a $31 million purchase order ostensibly from Costco for Playstation3 videogame consoles. PCI provided a fabricated purchase order. On June 6, 2008, Petters represented to Plaintiffs that the PS3s had been shipped. On September 24, 2008, the FBI raided Petters's home and businesses. The

---

[1] The Court cites to Plaintiffs' Complaint (Doc. No. 1-1) as "Compl."; Defendant's Memorandum in Support of its Motion to Dismiss (Doc. No. 10) as "Def.'s Memo."; Plaintiffs' Opposition Brief (Doc. No. 16) as "Pls.' Opp."; and Defendant's Reply Brief (Doc. No. 17) as "Def.'s Reply."

search-warrant affidavit explained PCI's scheme. On December 2010, Petters was sentenced to 50 years in prison.

On April 19, 2017, Plaintiffs filed suit against Costco in Minnesota state court alleging claims for: (1) violating the Minnesota's Consumer Fraud Act ("MCFA"), Minnesota Statute § 325F.69; and (2) violating the Minnesota Uniform Deceptive Trade Practices Act ("MUDTPA"), Minnesota Statute § 325D.44. Costco removed the case to federal court and now has moved to dismiss for lack of personal jurisdiction and for failure to state a claim.

## DISCUSSION

### I. Motion to Dismiss for Lack of Personal Jurisdiction

#### A. Legal Standard

Costco seeks to dismiss Plaintiffs' claims for lack of personal jurisdiction. To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists. That is, a plaintiff must allege facts to support a reasonable inference that defendant may be subjected to jurisdiction in the chosen forum. *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (citing *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004)). If, as is the case here, the defendant denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction. *See Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (quotation omitted). Once a defendant offers affidavits to challenge personal jurisdiction, "facts, not mere allegations, must be the touchstone" in determining whether personal jurisdiction exists. *Dever*, 380 F.3d at 1072 (citation omitted); *see also*

*Abbasi v. Leading Edge Aviation Servs., Inc.*, Civ. No. 16-295, 2016 WL 4007571, at *3 (D. Minn. July 26, 2016).

## B. The Court has Personal Jurisdiction.

Personal jurisdiction is a two-step analysis: the Court must have statutory and constitutional authority for exercising jurisdiction over the defendant. Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, 4A *Fed. Prac. & Proc.* § 1069 (4th ed. 2017). Here, Costco focuses on only whether the Court has constitutional authority.

Typically, the constitutional analysis for personal jurisdiction involves determining whether a defendant has "minimum contacts" with the forum state. But if a defendant consents to jurisdiction, then the minimum-contacts analysis is unnecessary. *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196, 1199 (8th Cir. 1990). And when a foreign corporation appoints a registered agent of service under Minnesota law, then the foreign corporation consents to "the jurisdiction of Minnesota courts for any cause of action, whether or not arising out of activities within the state." *Id.* at 1200. Here, Costco registered with the Minnesota Secretary of State and appointed an agent for service. Thus, Costco consented to jurisdiction.[2] The Court therefore denies Costco's motion to dismiss for lack of personal jurisdiction.

---

[2] Costco does not dispute that Eighth Circuit precedent dictates this result. Instead, Costco contends that recent Supreme Court precedent overrules *Knowlton*. Costco cites *BNSF Ry. Co. v. Tyrrell*, but the Supreme Court in *BNSF* explicitly declined to consider whether BNSF consented to jurisdiction by operating in the state because that issue was not argued to the lower court. 137 S. Ct. 1549, 1559 (2017). Thus, *BNSF* does not overrule *Knowlton*.

## II. Motion to Dismiss for Failure to State a Claim

Costco also argues that Plaintiffs' claims fail because: (1) they are barred by the statute of limitations; or (2) they fail to state claims.

### A. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

5

at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

B.     **Plaintiffs' Claims are Time-Barred.**

A Court can consider a statute-of-limitations defense on a motion to dismiss when it "appears from the face of the complaint itself that the limitation period has run." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). Here, the parties agree that Minnesota's six-year statute of limitation applies to both claims. (Def.'s Memo. at 8; Pls.' Opp. at 13.) Under Minnesota law, the statute of limitations for MCFA claims and UDTPA claims begins to run when the aggrieved party discovers the facts constituting the fraud. Minn. Stat. § 541.05, subd. 1(6); *TCF Nat. Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 707 (8th Cir. 2016). The parties seem to agree that Plaintiffs learned of the fraud in 2008 when the FBI raided Petters's offices using affidavits that spelled out Petters's Ponzi scheme. (Compl. ¶ 24.) Thus, the statute of limitations on Plaintiffs' claims began to run sometime in late 2008. Plaintiffs' claims are therefore facially untimely because they were filed in 2017, outside the six-year window.

Nonetheless, Plaintiffs argue that the statute of limitations was tolled under the fraudulent-concealment doctrine, which tolls a statute of limitations when the defendant fraudulently concealed "the very existence of the facts which establish the cause of action" and that the defendant was aware of those facts. *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 223 F.3d 873, 877 (8th Cir. 2000) (applying Minnesota law). Here, Plaintiffs allege that Costco fraudulently concealed its relationship with Petters. Specifically, at Petters's trial, witnesses from Costco testified that Costco was doing very

6

little business in 2000 and no business with Petters in 2008 (when Plaintiffs were defrauded). In 2014, Plaintiffs discovered that Costco had four purchase orders with Petters in 2000 through 2003 for orders ranging from $1 million to $16 million. Plaintiffs argue that these orders show a continuing relationship between Costco and Petters, which supports the causal nexus for Plaintiffs' claim under the Minnesota Consumer Fraud Act. But Plaintiffs' claims have nothing to do with Petters's relationship with Costco in 2000 to 2003. Instead, Plaintiffs' claims are based on Petters' fraud in 2008 and Costco's sanitizing fraud; all of which Plaintiffs' knew by the time Petters was sentenced in 2010. Plaintiffs have therefore failed to plausibly plead a basis to toll the statute of limitations. Thus, the Court concludes that Plaintiffs' claims are time-barred.[3]

### C. Plaintiffs' Claims Fail on the Merits.

Even if Plaintiffs' MCFA and MUDTPA claims were timely, the Court would still dismiss them for failure to state a claim.

#### 1. Minnesota Consumer Fraud Act

The MCFA prohibits: "[t]he act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise." Minn. Stat. § 325F.69, subd. 1. The statute requires that the plaintiff plead some causal nexus between the wrongful conduct and the plaintiff's injury. *Grp.*

---

[3] Typically when a plaintiff fails to adequately plead tolling of a statute of limitations, courts will dismiss without prejudice to allow the plaintiff a chance to amend. Because the Court concludes that Plaintiffs' claims also fail on the merits, the Court declines to give Plaintiffs a chance to amend.

*Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 12 (Minn. 2001). But the pleading standard is not particularly onerous: For the plaintiffs to state a claim under the MCFA, they "need only plead that the defendant engaged in conduct prohibited by the statutes and that the plaintiff was damaged thereby." *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 912 (8th Cir. 2016) (quoting *Grp. Health Plan*, 621 N.W.2d at 12); *accord Kinetic Co.*, 672 F. Supp. 2d at 946. Costco argues that Plaintiffs' MCFA claim fails because, among other things,[4] there is no causal nexus between Costco's conduct and Plaintiffs' injury.

Plaintiffs contend that Costco's sanitizing fraud made it impossible for Plaintiffs to track their goods or perfect security interests. As a result, Plaintiffs argue, Petters's Ponzi Scheme was able to flourish. (Pls.' Opp. at 25.) Even assuming that Costco's sanitizing fraud is a violation of the MCFA, the Court concludes that Plaintiffs have failed to show a causal nexus between their injury and the violation. Plaintiffs were injured by Petters's fraud, and not by any affirmative action by Costco. The Court therefore grants Costco's motion to dismiss to the extent it seeks to dismiss Plaintiffs' MCFA claim.

### 2. Minnesota Uniform Deceptive Trade Practices Act

Costco also moves to dismiss Plaintiffs' claim under the Minnesota Uniform Deceptive Trade Practices Act ("MUDTPA"). Under the MUDTPA, "a person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable." Minn.

---

[4] Because the issue of causal nexus is dispositive, the Court declines to consider Costco's other arguments.

8

Stat. § 325D.45. "Proof of monetary damage, loss of profits, or intent to deceive is not required." *Id.* Costco argues that Plaintiffs' claim fails because they cannot show future harm. Because MUDTPA provides for only injunctive relief, the plaintiff must show the risk of future harm. *See, e.g.*, *Hudock v. LG Elecs. U.S.A., Inc.*, Civ. No. 16-1220, 2017 WL 1157098, at *6 (D. Minn. Mar. 27, 2017); *Klinge v. Gem Shopping Network, Inc.*, Civ. No. 12-2392, 2014 WL 7409580, at *2 (D. Minn. Dec. 31, 2014); *Jaskulske v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 14-CV-869, 2014 WL 5530758, at *6 (D. Minn. Nov. 3, 2014) (collecting cases). Here, Plaintiffs have not plausibly alleged a risk of future harm because they cannot show that they are likely to be defrauded again by a purported Costco intermediary. Thus, the Court concludes Plaintiffs have failed to state a claim for injunctive relief under the MUDTPA.

Plaintiffs' arguments to the contrary are unpersuasive. Much of Plaintiffs' argument focuses on their contention that no one could bring a MUDTPA claim if the claim is barred when the injured party is on notice of the deceptive practice. But in this case, a consumer would likely be able to bring a MUDTPA claim based on the sanitizing fraud if the consumer could show that he bought a counterfeit good as a result of the sanitizing fraud and could buy a counterfeit good from Costco again. *See Hudock*, 2017 WL 1157098, at *6 (denying a motion to dismiss because the consumer alleged that he would be unable to determine when the false advertising stopped, and he remained in the market for the good); *see also Klinge*, 2014 WL 7409580, at *2 (granting summary judgment on the MUDTPA claim because the plaintiff did not assert an ongoing relationship or intent to purchase gems from the defendants in the future). Here,

9

Plaintiffs cannot show that a fraudster will be able to convince them that he has a purchase order with Costco without Plaintiffs confirming the order with Costco.[5] Because Plaintiffs cannot show they are likely to be injured again by Costco's sanitizing practices, Plaintiffs' MUDPTA claim fails.[6]

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. No. [8]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

2. Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**.

3. Defendant's Request for Attorney Fees under Minnesota Statute § 325D.45, subdivision 2, is **DENIED**.

---

[5] Plaintiffs also contend that if Costco is able to continue sanitizing goods, Plaintiffs will be unable to participate in the market for financing goods. But why? Plaintiffs were defrauded because they did not check with Costco to confirm Petters's order. Indeed, Plaintiffs with other related entities sued another financier because it discovered Petters's Ponzi scheme early on by calling Costco. *Ritchie Capital Mgmt., L.L.C. v. Gen. Elec. Capital Corp.*, 121 F. Supp. 3d 321 (S.D.N.Y. 2015). Thus, the Court concludes that Plaintiffs have failed to show how the sanitizing fraud precludes them from participating in the financing market for consumer goods.

[6] Costco also argued that the Court should award attorney fees under the MUDTPA because Plaintiffs' claim was groundless. "The determination as to whether to award attorney fees under the [MUDTPA] is within the discretion of this Court." *Bernstein v. Extendicare Health Servs., Inc.*, 653 F. Supp. 2d 949, 952 (D. Minn. 2009). Here, the Court declines to award attorney fees because Plaintiffs' claim was not groundless.

4. Plaintiffs' Complaint (Doc. No. [1-1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 30, 2017

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge